## Young, et al. v. Monroe, et al.

(Decided June 5, 1923.)

### Appeal from Logan Circuit Court.

1. Wills—Devise Held to Give Granddaughter Life Estate with Defeasible Fee in Remainder to her Child who Took Vested Fee on Death of Former.—*A devise of testator's property to his two*

living children and to the children of two of his deceased children for their lives, and at the death of each one of the children and grandchildren above named the title to vest in their surviving offspring, each one's part to his or her own children, gave to a granddaughter named therein a life estate, and to her only child a defeasible fee in the remainder, subject to be defeated by his dying before his mother, but vesting in him absolutely in the event that his mother died before he did.

2. Wills—Gift Over if Named Heirs Mentioned Died Without Survivors Held Not to Cut Down Remainder in Fee.—Where testator had given an interest in his property to a granddaughter for life with remainder in fee to her surviving heirs, a provision that, if any of the "heirs above mentioned" die leaving no surviving offspring, the property so left shall vest in the heirs of testator, refers to the heirs named in the will to whom the life estates were given, and not to the surviving heirs who took the remainder, so that the heirs of testator are not entitled to the share given a granddaughter who died leaving a son, upon the subsequent death of that son without issue.

S. R. CREWDSON, COLEMAN TAYLOR and J. W. LINTON for appellants.

SELDON Y. TRIMBLE and TRIMBLE & BELL for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

This appeal involved a construction of the will of Dr. Jonathan R. Bailey admitted to probate in the Logan county court in 1890, the applicable parts of which are:

"I hereby devize and bequeath all my property of every kind both real and personal to my children and Grand Children as follows, to Betty R. B. Sadler, one Fourth to Emma B. Young's Children, Geo. T. & Jonathan R. Young, one Fourth (to each one eighth); to Florence B. Browder One Fourth, and to Daniel Bailey's only surviving child and Daughter, One Fourth, including all advancements made to them or their Parents during my life under the following conditions and restrictions. It is hereby especially provided that all the real estate herein devized or given to my children and grand children, is devized and given to them for and during their natural lives and no longer and it is not subject to any contract or claim or right of any husbands or wives during the lives of my children or grand children, nor after their death. At the death of each one of my children, and grand children above named, the title to each one, real estate to vest in their sur-

viving offspring, each ones part to his or her own children and to no other not subject to life estate Dower or any other claims of surviving Husband or wives, except as hereinafter mentioned and provided for. And if any of the heirs above mentioned die leaving no surviving offspring then the property so left to pass to and to vest in the heirs of the Testator herein, J. R. Bailey."

The testator had four children, Florence Browder, Emma Young, Betty Sadler and Daniel Bailey. Only two of these, Mrs. Browder and Mrs. Sadler, were living at the time of the testator's death. Emma Young had died, leaving two children, George T. Young and Jonathan R. Young, who are the appellants in this case; and Daniel Bailey, the only son of the testator, had also died leaving one child, Anna Bailey. After the death of the testator his landed estate was divided into four shares, and the share allotted to Anna Bailey is the subject of this litigation.

Anna Bailey, who was an infant at the time of her grandfather's death, married Walter Monroe, and they had one child, John Daniel Monroe. She died intestate in 1912, and her infant son died thereafter at the age of twelve, leaving no brothers or sisters. The question is, what interest did Anna Bailey and her infant son, John Daniel Monroe, take in the lands of the testator under the provision referred to. It is contended by appellants that Anna Bailey took a life estate only, and that her child likewise took a life estate on his mother's death, with remainder in his issue, if any he had, and, if not, with remainder in the heirs at law of the testator; or, if that be not true, that the devise to Anna Bailey and her issue is null and void because in conflict with the statute against perpetuities, and in consequence the lands passed by inheritance and not under the will. The two contentions may be considered together.

It will be noted from the language of the will that the testator devised to his two living children, to Emma Young's children, and to the only child of Daniel Bailey one-fourth each of his real property, upon the condition that it was "devised and given to them for and during their natural lives and no longer," and, "at the death of each one of my children and grandchildren above named, the title to each one, real estate to vest in their surviving offspring, each one's part to his or her own children and to no other not subject to life estate, dower or any other

claims of surviving husband or wives, except as herein-. after mentioned and provided for." It seems to us that language could not more plainly express the purpose of the testator than this language. It not only appears to have been his intention, but it was definitely stated that Daniel Bailey's only child, Anna Bailey, should take the land for and during her natural life, and at her death the title should vest in her surviving offspring. Manifestly, therefore, Anna Bailey took a life estate in the property devised, and John Daniel Monroe, her only child, took a defeasible fee in remainder, subject to be defeated by his dying before his mother, but vesting in him in the event that his mother died before he did. His mother having died first he took the fee.

But it is said that the testator manifested a different intention by the use of the words, "and if any of the heirs above mentioned die leaving no surviving offspring then the property so left to pass to and vest in the heirs of the testator herein, J. R. Bailey." It is argued that the word "heirs," as here used, includes John Daniel Monroe, the child of Anna Bailey. The argument obviously disregards the qualifying words "above mentioned," which clearly express what the testator had in mind, i. e., the persons named in the preceding clause of his will, who were given a life estate in the property devised, with the remainder to their surviving offspring. What the testator undoubtedly meant and expressed was, if any of the persons named should die leaving no offspring, then his or her share of the property should pass to the heirs of the testator, but if such one left surviving offspring, the fee as previously provided should vest in the offspring. Accordingly this language not only does not show a contrary intention to that expressed in the previous part of the will by which the life estate was devised to the parties named, with the remainder in fee at their death to their respective offspring, but verifies that intention, merely providing that, in the event any of them left no surviving offspring, his interest should pass to the heirs of the testator. Anna Bailey having a surviving child at her death, the fee passed to that child. This was the construction placed on the will by the trial court, and in our opinion it is sound.

The judgment is affirmed.